THE STATE v. EMERSON, *Appellant.*

1. **Criminal Law** : PRACTICE : APPLICATION FOR CONTINUANCE BY THE STATE. Where upon the trial of a criminal cause, application for continuance is made by the state because of the absence of a

material witness, and the defendant refuses to admit as the testimony of the absent witness the facts set out in the affidavit of the prosecuting attorney, the court must, under the statute, continue the cause to the next term.

2. ———: ———: ANSWERING WHETHER READY FOR TRIAL. Where the state has asked for a continuance in a criminal case, the defendant should not be required to answer whether or not he is ready for trial until such application for continuance is disposed of. Until the state answers ready for trial, it is not proper to reouire the defendant to answer.

*Appeal from Wayne Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED.

*C. D. Yancey* for appellant.

The accused had the right to be confronted with the witnesses. Bill of Rights of Constitution, section 22. In the case of the *State v. Davis*, 66 Mo. 684, this court, in language most apt and terse, denounces such offers as this record discloses; and these decisions are in accord with, not only right reason, but with the fundamental law—the theory of standard text-writers, and the adjudication of the courts of last resort in sister states. *People v. Smith*, 9 Mich. 139; *Hill v. People*, 16 Mich. 315; *State v. Maine*, 27 Conn. 281; *Bond v. State*, 17 Ark. 290; *Wilson v. State*, 16 Ark. 601; *William v. State*, 12 Ohio St. 622; *Reynolds v. United States*, 8 Otto, 145; *Com. v. Richards*, 18 Pick. (Mass.) 434. See also *State v. Underwood*, 75 Mo. 230; *State v. Hickman*, 75 Mo. 416; *State v. Jennings*, 81 Mo. 185; *King v. Woolford*, 1 Chitty, 401; *Terry v. Buffinglon*, 11 Geo. 337; Cooley's Const. Lim. [3 Ed.] 181, 182, 187, 339.

*B. G. Boone*, Attorney General, for the state.

HENRY, C. J.—Defendant was indicted in the circuit

court of Wayne county for murder in the first degree. At the next succeeding term of the court the prosecuting attorney made an application for a continuance on account of the absence of Samuel Weast, an important witness for the state, setting out in his affidavit the facts he expected to prove by the witness, which were relevant and material.

The case was then called for trial, and the court asked defendant if he was ready to proceed with the trial. Defendant answered as follows : "Without waiving any constitutional or legal right of objection, I am ready." The court then asked him if he would admit the facts stated in the affidavit of the prosecuting attorney to be the testimony of the absent witness. To which his answer was the same as that to the first interrogatory. The court thereupon overruled the application for a continuance and proceeded with the trial of the cause, and, in the progress thereof, permitted the state, over defendant's objection, to read against him as the testimony of said absent witness, the affidavit of the prosecuting attorney. The defendant was convicted of manslaughter in the second degree, and his punishment assessed at imprisonment in the penitentiary for a term of three years, and he has duly prosecuted his appeal to this court.

There was but one course for the court to pursue when defendant refused to admit, as the testimony of the absent witness, the contents of the affidavit of the prosecuting attorney—that was, to continue the cause to the next term of the court. We are now considering only the provisions of the statute—not whether it is constitutional or not—a question discussed in the brief of counsel for the appellant. There is no warrant in the statute for reading against the accused, as the testimony of an absent witness, what the prosecuting attorney states therein that he would, if present, testify to, unless defendant agrees that it may be so read. Another

practice to be condemned is that of requiring the defendant to answer whether he is ready for trial, or not, after the state has asked for a continuance, and before it has been disposed of. It is for the state, as for any other plaintiff, to answer first, whether ready or not. If she answers ready, it is then proper to require the defendant's answer, but until an application by the state for a continuance is disposed of, it is not proper to require the defendant to say whether he is ready or not.

The judgment is reversed and the cause remanded. All concur, Sherwood, J., in the result.